LOCAL PROB 12C
(05/15)

# UNITED STATES DISTRICT COURT
## for
## Connecticut

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:     Donald Luciano

Docket Number: 113C 0:13CR60037-001    *15cr205 JBA*

Sentencing Judicial Officer: The Honorable Janet Bond Arterton, United States District Judge

Date of Original Sentence: July 18, 2013

Original Offense: Possession of a Visual Deception of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).

Original Sentence: 24 Months' Bureau of Prisons; 36 Months' Term of Supervised Release

Type of Supervision: Supervised Release     Date Supervision Commenced: October 31, 2014

AUSA: William J. Nardini     Defense Attorney: Kelly Barrett, AFD

---

**PETITIONING THE COURT**

☐ To issue a summons for a compliance review hearing
☐ To issue a summons for a violation hearing
☒ To issue a warrant

The probation officer believes that the offender has violated the following condition(s) of supervision:

| | |
|---|---|
| Charge # 1<br>Standard #1 | The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer. |
| Charge # 2<br>Mandatory #7 | (A) In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 1691 I and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) 1Piih. L. 105-119, § 115(a)(8). Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible (or supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or (B) In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and |

| | |
|---|---|
| | (iii) keep such registration current for the full registration period as set forth In 42 U.S.C. § 16915. |
| Charge # 3<br>Standard #2 | The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month. |
| Charge # 4<br>Standard #3 | The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |

On July 10, 2016, this officer contacted Mr. Luciano's employer, Mr. James Simon, who owns Simon/Zef Publishing, who reported that over the last year, he provided Mr. Luciano with two different credit cards so that he could pay various necessary business expenses. Mr. Simon also agreed to allow Mr. Luciano to charge two monthly personal items: his Los Angeles storage unit fees (Mr. Luciano never reported on his monthly supervision reports that he had a storage unit) and his Traveler's Insurance payments, for Mr. Luciano's car insurance. Mr. Simon stated he believes (although he is still auditing everything) that the bulk of those two monthly expenses were deducted from Mr. Luciano's compensation each month.

Mr. Simon stated in January, 2016, he began to see unauthorized restaurant bills appearing on his credit card statements. He stated he mentioned this to Mr. Luciano who "promised" to make restitution. According to Mr. Simon, Mr. Luciano instead continued to charge (at an accelerating rate as time went on) and repeatedly avoided Mr. Simon's requests for the reimbursement and reconciliation Mr. Luciano had promised. Mr. Simon stated he would have simply deducted these amounts from his wages but he knew Mr. Luciano would then be unable to pay his monthly rent. The culmination was the bill Mr. Simon received for June 2016 which included a trip to Block Island, including restaurants, hotels, bars and airfare (see below). Mr. Simon believes Mr. Luciano traveled with a partner. Mr. Simon stated that bill alone totaled approximately $4,000 of unauthorized charges to Mr. Simon's personal credit card in which Mr. Luciano "clearly had to have signed my name." Mr. Simon stated that trip was made without his knowledge whatsoever. It is noted that Mr. Luciano did not seek nor was he granted permission by the Court or this officer to travel to Block Island.

In addition, Mr. Simon stated Mr. Luciano "clearly has carried on a long pattern - over months - of lies and deceptions both to me as his employer and to his clients." Mr. Simon reported these included falsifying trips to California and Florida (to evade meeting business commitments of his) and, over a period of months, submitting invoices to Mr. Simon for hours worked where he was carrying on his own personal affairs. Mr. Simon stated Mr. Luciano even went so far as to provide clients with cell phone screen shots of those places he claimed he was visiting (i.e. Vero Beach, FL, Los Angeles). Mr. Simon stated he only became aware of this over the past two weeks as he began receiving complaint calls from Simon/Zef Publishing clients. Mr. Simon stated, "it appears that Mr. Luciano also gained access or falsified

emails" from one of his email accounts and that of another business associate.

Mr. Simon stated when he confronted Mr. Luciano regarding these matters. Mr. Luciano admitted to charging various inappropriate items to the company's credit cards for unauthorized travel, meals, etc. Mr. Simon stated in the case of the financial misappropriations, he gave him the opportunity to make restitution. Mr. Luciano promised to do so but has repeatedly not met his own deadlines and commitments to do so. Mr. Simon reported Mr. Luciano had been employed as an independent contractor to Simon/Zef Publishing. Since learning of Mr. Luciano's conduct, Mr. Simon has consequently terminated Mr. Luciano's employment with the company.

Mr. Simon provided a list of charges to the probation officer, most of which are restaurants, bars and travel having nothing to do with legitimate business expenses.

Mr. Simon stated he will be pursuing criminal charges against Mr. Luciano.

Mr. Simon sent Mr. Luciano the following email regarding the matter:

"Don,

Below are your charges during the last month alone on my CitiCard. As you can see, this comes to $4,899.17. We are still doing a forensic audit of the prior months and the Simon/Zef Bank of America credit card. This also appears to be substantial. You mentioned that you had applied for a loan - I cannot imagine any financial institution granting you an unsecured loan. Nevertheless, this (and the other bills which I will also document) must be repaid. I expect that you'll have to rely on your friends and family for this but that is for you to solve. But it's going to have to be repaid in the next several days. Just as a guide, it looks like the total will be in the $7000-$8000 range. That, of course, does not reflect any payment and fees that I have to return to your "clients" - specially, Max. I know you understand how serious this is. Beyond that, I can't begin to tell you how devastating this has been for Andrea (Mr. Simon's wife) and I on a personal level. Jim"

Below is a partial list of the currently documented unauthorized expenditures and unauthorized out-of-state travel to Block Island and unauthorized trips to New York City:

Jun. 27, 2016, CHAMPLIN S TRADERS BLOCK ISLAND RI Expand DetailsDine out and spend $5+ with your enrolled Citi card through 12/1/16 December first, 2016 $ 32.00

Jun. 27, 2016, THE 1661 INN BLOCK ISLAND RI Expand Details $ 158.20

Jun. 27, 2016, NEW ENGLAND AIRLINES WESTERLY RI Expand Details $162.00

Jun. 26, 2016, MANISSES RESTAURANT BLOCK ISLAND RI Expand Details $ 180.00

Jun. 25, 2016, CHAMPLIN S MARINA RESO BLOCK ISLAND RI Expand

Details $ 242.95

Jun. 25, 2016, THE NATIONAL HOTEL RES BLOCK ISLAND RI Expand Details $ 224.40

Jun. 22, 2016, METRO-NORTH TVM & TQPS NEW YORK NY Expand Details $ 25.00

Jun. 20, 2016, GARBER HARDWARE NEW YORK NY Expand Details $ 14.60

Jun. 20, 2016, MET PHOTO INC NEW YORK NY Expand Details $ 38.60

End Of ActivityTotal Activity Since Last Statement (Closing Jul. 12, 2016)

Pending Purchases* $ 173.99 Pending Payments*$ 0.00 Purchases $ 4,899.17

U.S. Probation Officer Recommendations:
It is respectfully recommended that a Supervised Release Warrant be issued for Mr. Luciano's arrest in order for him to be presented before the Court to show cause why his term of supervised release should not be revoked. It is noted that Mr. Luciano is subject to SEX OFFENDER REGISTRATION AND NOTIFICATION ACT (SORNA). For out-of-state travel, Mr. Luciano is obligated to receive permission from this officer and to follow any state's or District's rules and regulations in relation to SORNA requirements for out-of-state travel, which Mr. Luciano did not. It is believed that Mr. Luciano is no longer in compliance, due to his unauthorized out-of-state travel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On     June 12, 2016

*[signature]*

Patrick D. Norton
Sr. U.S. Probation Officer

**THE COURT ORDERS:**

☐ No Action
☐ The issuance of a summons for a compliance review hearing  Date: _____
☐ The issuance of a summons  Date: _____
☒ The issuance of a warrant
☐ Other

/s/ Janet Bond Arterton
_____
Signature of Judicial Officer

19 July 2016
_____
Date